**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSEFINA DE LA MOTA ESTRELLA, ET AL., Plaintiffs, v. ROYAL CARIBBEAN CRUISE LINES, INC., ET AL., Defendants. | CIV. NO. 05-1475(PG) |

**OPINION AND ORDER**

Plaintiffs Josefina de la Mota Estrella, Angel M. Colón Olivera, and Stefani Colón De La Mota (collectively "plaintiffs") filed the above styled and captioned complaint against defendants Royal Caribbean Cruise Lines, Inc., and Royal Caribbean International. They seek damages pursuant to Puerto Rico Tort Law contained in Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, §§ 5141. Jurisdiction is alleged pursuant to 28 U.S.C. §1332.

Before the Court is defendant Royal Caribbean Cruises, Ltd[1].'s (hereinafter "Royal Caribbean") Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). (Docket No. 18.)  For the following reasons, the Court GRANTS defendant's motion.

**BACKGROUND**

Plaintiffs purchased a vacation cruise trip on board the Adventure of the Seas Ship from Royal Caribbean for travel from November 28 to December 5, 2004. While on the cruise, specifically on Thursday, December 2, 2004[2], plaintiffs' minor daughter, Stefani W. Colon De la Mota, was walking in a hallway towards her room.  She was wearing a jeans skirt and the top of her

---

[1] Royal Caribbean Cruises Ltd. is the appearing party since the Defendants named in the Complaint, Royal Caribbean International and Royal Caribbean Cruise Line, Inc., are not corporate entities. Royal Caribbean International was formerly known as "Royal Caribbean Cruise Line". Royal Caribbean International is a brand name of Royal Caribbean Cruises Ltd., and it offers a range of activities, services, and amenities on board the cruise ships. Nevertheless, Royal Caribbean International is not a corporate entity and is not directly involved in the management or operation of cruise ships. Moreover, Royal Caribbean International does not issue passenger contracts. (See Verified Statement, Docket No. 18, Exhibit 1).

[2] Plaintiffs state that "During the afternoon of Thursday, 2 November 2004", however, plaintiffs boarded the cruise on Sunday, November 28, 2004, therefore, the Thursday was the 2nd of December and not November.

Civ. No. 05-1475 (PG)                                                    Page 2

swimsuit. She suddenly noticed that someone was walking behind her. She stepped to the side the let the person pass but the person would not and got closer to her. She began walking faster and when she got to the door of her room the man said: "hey, hey, this is for you, only for you, wait a minute, only a minute". When she looked, she saw the man masturbating in front of her. She immediately entered the room, closed the door, and began to cry. The following day, Friday, December 3, 2004, the same man followed her around the ship which caused her to be more nervous and frightened. That night, she saw the man again. Seeing that she could not take it anymore, she told the security guard and her parents about the situation. She was then informed that the man worked on the cruise and that his name was Louis.

## **DISCUSSION**

When ruling on a 12(b)(6) motion a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir. 2000); Negron-Gaztambide v. Hernandez-Torres, 35 F.3d 25, 27 (1st Cir. 1994). A complaint should not be dismissed unless it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling him or her to relief. Ronald C. Brown v. Hot, Sexy, and Safe Productions, Inc., 68 F.3d 525 (1st Cir.1995); see also Miranda v. Ponce Federal Bank, 948 F.2d 41, 44 (1st Cir.1991); Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While this standard is very generous to the non-moving party, it does not follow that it is completely "toothless". Zeus Projects Limited v. Pérez & Cia, 187 F.R.D. 23, 26 (D.P.R. 1999). The complainant may not rest merely on "unsupported conclusions or interpretations of law." Washington Legal Foundation v. Massachusetts Bar Foundation, 993 F.2d 962, 971 (1st Cir. 1993). In order to survive a motion to dismiss, plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooly v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988).

Royal Caribbean moves to dismiss arguing that plaintiffs had to file their legal action in Miami, Florida as per the provision of the passenger contract and the forum selection clause therein. Plaintiffs oppose arguing that they were never informed of said provision. Plaintiffs claim that

Civ. No. 05-1475 (PG)                                                    Page 3

although they received a booklet, which included the itinerary and the forum selection clause, because plaintiffs do not understand English, they were not able to read it.  Plaintiffs argue that if a carrier is going to house hundreds of Spanish speaking clients, it should explain the contract to them in Spanish and not in English. In sum, they argue that the terms of the passenger ticket contract were not reasonably communicated to them and therefore, its terms, including the forum selection clause, do not bind them.

**I. Analysis**

Forum selection clauses are valid and should be enforced unless plaintiffs "[can] clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or overreaching." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972). Whatever inconvenience plaintiffs may suffer "by being forced to litigate in the contractual forum as it agreed to do [is] clearly foreseeable at the time of contracting. Id., at 17-18.

> In such circumstances it should be incumbent on the party seeking to escape his contract to show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. Absent that, there is no basis for concluding that it would be unfair, unjust, or unreasonable to hold that party to his bargain.

Id. at 18.

The Supreme Court of the United States has upheld the validity of forum selection clauses in passenger contracts. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585 (1991). "The reasonableness of the notice afforded to a passenger in a ticket contract is a question of law for the court. Gomez v. Royal Caribbean Cruise Lines, 964 F.Supp. 47, 50(D.P.R. 1997)(citing Deiro v. American Airlines, Inc., 816 F.2d 1360, 1364 (9th Cir.1987). The First Circuit "has established a two-pronged test to evaluate the legitimacy of forum selection clauses under a "reasonable communicativeness" standard." Hoekstra v. Caribbean Cruises, Ltd.,  360 F.Supp.2d 362, 366 (D.P.R. 2005).

> First, a court must examine the facial clarity of the ticket contract and whether its language and appearance make the relevant provisions sufficiently obvious and understandable. The second prong focuses on the 'circumstances of the passenger possession and

Civ. No. 05-1475 (PG)                                                    Page 4

> familiarity with the ticket,' which involves scrutiny
> of any extrinsic factors indicating the passenger's
> ability to become meaningfully informed of the
> contractual terms at stake.

Hoekstra, 360 F.Supp.2d at 366; see Shankles v. Costa Armatori, 722 F.2d 861, 864-866 (1st Cir.1983); Lousararian v. Royal Caribbean Corp., 951 F.2d 7, 8-9 (1st Cir.1991). This two-step analysis to determine the enforceability of a forum selection clause "must be made on a case-by case basis." Gomez, 964 F.Supp. at 50 (citing Shankles, 722 F.2d at 864-66).

Courts have "unequivocally stated that once the terms and conditions of a ticket contract have been "reasonably communicated" to the passenger, they are enforceable, whether or not the passenger has actually read them. Gomez, 964 F.Supp. at 50); see Coleman v. Norwegian Cruise Lines, 753 F.Supp. 1490, 1497 (W.D.Mo.1991) (citing Barbachym v. Costa Line, Inc., 713 F.2d 216, 220 (6th Cir.1983)). Indeed, the "passenger has a contractual duty to read... [a] passenger who chooses not to read, assumes the risk of such omission. Gomez, 964 F.Supp. 50. (citing Deiro, 816 F.2d at 1365).

Here, a review of the passenger ticket that was issued to plaintiffs clearly establishes the jurisdiction and the forum before which any claims and suits against the carrier had to be filed. (See Cruise Ticket Contract, Docket No. 18, Exhibit 2). Clause number 11 provides as follows:

> It is agreed by and between passenger and Carrier that
> all disputes and matters whatsoever arising under, in
> connection with or incident to this Contract shall be
> litigated, if at all, in and before a Court located in
> Miami, Florida, U.S.A., to the exclusion of the Courts
> of any other state, territory or country. Passenger
> hereby waives any venue or other objection that he may
> have to any such action or proceeding being brought in
> any Court located in Miami, Florida.

Id.  The forum selection clause is conspicuously set out in the Ticket Contract, typed in capital letters whereas the rest of the provisions are in small type.  Indeed, from the face of the ticket it is clear that the relevant provision is sufficiently obvious and understandable so as to meet the first prong of the  "reasonable communicativeness" standard test. (See id.)

As to the second prong of the test focusing on the circumstances of the passenger possession and familiarity with the ticket, plaintiffs insist they were not aware of the forum selection clause because although they received

Civ. No. 05-1475 (PG)                                                    Page 5

the ticket contract, they could not read English, therefore, were not informed of its contents.

The examination of the circumstances surrounding the passengers' purchase and retention of the contract, "does not depend upon actual knowledge of the terms in the contract of passage, but focuses instead on the opportunity for such knowledge." Paredes v. Princess Cruises, Inc., 1 F.Supp.2d 87, *90 (D.Mass.,1998)(quoting Lousararian, 951 F.2d at 11). Furthermore, "it is well established law that the defense of inability to read the terms of the Passage Contract because of infancy, minority or unfamiliarity with the English language are insufficient to excuse the passenger from the terms and conditions of the Passage Contract." Becantinos v. Cunard Line Ltd., No. 89 Civ. 0166 (JSM), 1991 WL 64187, *3 (S.D.N.Y. April 18, 1991)(citing Horvath v. Cunard S.S. Co., 103 F.Supp. 356 (E.D.N.Y.1952); citing Osipuk v. Oceanic Steam Nav. Co., 64 F.2d 478 (2nd Cir.1933). "The fact that the plaintiffs did not or even could not have read the ticket is not dispositive. Paredes, 1 F.Supp.2d at 90. (citing Shankles, 722 F.2d. at 865 and Becantinos, 1991 WL 64187, at *3).

In light of the foregoing, and considering the amount of time plaintiffs had to review the ticket passenger contract prior to boarding, the Court finds that their lack of knowledge of the English language is insufficient for the Court to ignore the valid forum selection clause. What is more, the plaintiffs had access to counsel prior to the expiration of the limitations period. See Paredes, 1 F.Supp.2d at 90; see Barkin v. Norwegian Caribbean Lines, 1988 A.M.C. 645, 650 (D.Mass.1987) ("the plaintiff was sophisticated enough to take her claim to an attorney who knew or should have known the importance of reading the terms of the contract"). "Defendant should not have to bear the responsibility for the failure of the plaintiffs' counsel to read the limitations provision in the Contract." Paredes, 1 F.Supp. 2d at 90. In sum, because plaintiffs had an opportunity to learn the terms and conditions of the Contract, we find that defendant has satisfied the second prong of the test. See id.

Lastly, the plaintiffs claim they have very low incomes. They claim plaintiff Angel Colon is incapacitated and Stephanie Colon is a minor. The other plaintiff, Josefina, works as a beautician. Accordingly, they argue that

Civ. No. 05-1475 (PG)                                                      Page 6

it would be a heavy burden for them to have to pay for the travel and lodging for their lawyer and for themselves to Florida for depositions, court hearings and trial.

Forum selection clauses must not only meet the "reasonable communication" standard, but also must be considered "fundamentally fair." Gomez, 964 F.Supp. at 51. "In this regard, plaintiff has a "heavy burden of proof" of inconvenience, and a forum selection clause will be enforced absent evidence of "fraud or overreaching" Id. at 51-52(quoting Shute, 499 U.S. at 591).

Having reviewed the forum selection clause at issue here, we find that it is fair and reasonable. As in Gomez, the Court "does not discern any evidence suggesting that defendants included such clause due to bad faith or for "overreaching" purposes." Gomez, 964 F.Supp. at 51[3]. The Court can agree that "it is burdensome and inconvenient, to a greater or lesser degree for any party to litigate on a foreign forum." Id. Nevertheless, however burdensome it might seem to plaintiffs to have their case tried in Miami, Florida, the fact is that those inconveniences were "foreseeable at the time of contracting." M/S Bremen, 407 U.S. at 17-18. Based on the circumstances of this case, we do not find that the enforcement of the forum selection clause would gravely or unduly inconvenience plaintiffs. "Miami is approximately two-and-a half hours flying time from Puerto Rico." Gomez, 964 F.Supp. at 52. Many people fly frequently to and from Miami on a regular basis and several airlines offer very affordable tickets to and from San Juan and Miami. The forum selected by Royal Caribbean Cruises, Ltd. is not a foreign or inaccessible jurisdiction. On the contrary, the forum is accessible to plaintiffs in Puerto Rico, more so given the political relationship between Puerto Rico and the United States. In sum, the Court finds that the form selection clause does not impose such a heavy burden upon plaintiffs as to deprive them of their day in court.

---

[3] In Gomez, defendant Royal Caribbean Cruise Lines argued, and the Court noted, that the forum selection clause in its Passenger Ticket Contract reflects the fact that Royal Caribbean "has its principal place of business in Miami and many of its ships routinely call in the Port of Miami on an ongoing basis." Gomez, 964 F.Supp. at 51 -52.

Civ. No. 05-1475 (PG)                                                  Page 7

## CONCLUSION

Wherefore, for the foregoing reasons, the Court grants defendants motion to dismiss for improper venue. Judgment shall be entered dismissing the case without prejudice.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, September 11, 2006.


                                        S/JUAN M. PEREZ-GIMENEZ
                                        U. S. DISTRICT JUDGE